### PHILLIPS v. VALLEE.
### No. 1246.

Court of Appeal of Louisiana. First Circuit. Dec. 4, 1933.

Moise Thibodeaux and C. G. Spaht, both of Baton Rouge, for appellant.

D. J. Sanchez, of Baton Rouge, for appellee.

ELLIOTT, Judge.

Rawlston D. Phillips claims of Ralph C. Vallee the sum of $619.39 as the balance due

on account of salary under a verbal contract of employment as tank salesman. The defendant admits that plaintiff was employed, but contends that his employment did not commence until March 15, 1930, and that it terminated on July 15, 1932. He also contends that plaintiff commenced working on a salary of $100 per month with the understanding that his salary would be increased to $150 per month if plaintiff brought into the business new accounts up to the amount stated in his answer. That beginning June 1, 1930, he increased the plaintiff's salary to $150 per month, but due to business conditions and the fact that plaintiff lost the new accounts, his salary beginning January 1, 1932, was reduced to $100 per month and so continued until he was discharged on account of continued cash shortages. That he owed the plaintiff nothing at the time he was discharged.

The lower court rendered judgment in favor of the plaintiff as prayed for. Defendant has appealed.

The evidence shows that plaintiff was verbally employed by defendant as a tank salesman. His business was to sell gasoline and oil from a tank truck, but the date when it commenced and terminated, the monthly amount due, and the cash shortages claimed are all matters of dispute.

The plaintiff, his wife and brother, testified that his employment commenced on March 1, 1930, on a salary of $150. Defendant and his wife testify that plaintiff's employment commenced on March 15, 1930, at a salary of $100 per month, with the understanding that it was to be increased to $150 per month if plaintiff increased sales to the extent he claimed he could. That the sales were increased for a time, and on June 1, 1930, his salary was increased to $150 per month; that his new accounts were subsequently lost, and due to business conditions and other facts mentioned, his salary commencing January 1, 1932, was reduced to $100 per month. That on July 15, 1932, plaintiff was discharged.

The plaintiff, his wife and brother, are interested, of course, but defendant and his wife are also interested. An itemized account made by plaintiff from data, which he says he kept, was produced and offered in evidence. The plaintiff, his wife and brother, appear to be slightly corroborated as to the time when plaintiff's employment commenced by the charges on the account during the early part of March, and also by the testimony of Paul Thompson, that plaintiff rode with him on his truck and was around the plant about a week previous to March 15, 1930.

Plaintiff is also slightly corroborated, as to the amount he was to receive per month, by testimony which shows that he had been receiving $150 per month from his former employer. His former employer changed ownership and the new owners offered him $175 per month to continue with them, but plaintiff testifies that he declined this offer, preferring to accept $150 per month from defendant, because when this amount was promised him the defendant further promised that if he brought up the sales to a certain amount, he would be taken into the business as a half owner of the agency. Plaintiff's testimony on this subject finds some corroboration in remarks made by defendant while testifying.

Plaintiff's contention that his employment lasted during August, 1932, finds some corroboration in the testimony of Mrs. Phillips:

"Q. How long did he remain in Mr. Vallee's employ? A. I think it was the last of August, 1932, but I am not positive."

We look upon defendant's charges of shortages against plaintiff as not established.

The determination of the case depends on the appreciation of conflicting testimony and knowledge of the witnesses, etc. It seems to us that the case was decided correctly.

Judgment affirmed. Defendant and appellant to pay the costs in both courts.